IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID LEE WHITE,

    Plaintiff,                    No. 2:12-cv-1552 EFB P

   vs.

STATE OF CALIFORNIA,

    Defendant.                ORDER

_____/

       Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis.

       Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

       In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

1

of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Furthermore, a claim upon which the court can grant relief has facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Further, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively.  Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction.  *Baker v. Carr*, 369 U.S. 186, 198 (1962).  To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).  A case presumably lies outside the jurisdiction

2

of the federal courts unless demonstrated otherwise. *Kokkonen,* 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

According to the allegations in the complaint, plaintiff intends to bring a class action lawsuit based on the presence of asbestos at California Medical Facility. Plaintiff claims that the air causes "patients to suffer from numerous lung problems," including C.O.P.D., valley fever, and heart conditions. He also claims that "prison officials . . . are aware of the asbestos problem, have done nothing to cure the problem and are in violation the NESHAP and the Clean Air Act." Dckt. No. 1 at 1. Plaintiff seeks damages and injunctive relief on behalf of all prisoners exposed to asbestos.

It appears that plaintiff wishes to represent a class of inmates allegedly exposed to asbestos. However, an inmate who is not a lawyer cannot represent other inmates in court. *See Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997); *C.E. Pope Equity Trust v. U.S.*, 818 F.2d 696, 697 (9th Cir. 1987) (non-attorney has a right to appear pro se on his own behalf, but "has no authority to appear as an attorney for others"). Moreover, it is well-established that a layperson cannot ordinarily represent the interests of a class. *See McShane v. United States*, 366 F.2d 286 (9th Cir. 1966); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975).

Throughout the complaint, plaintiff refers generally to conditions allegedly experienced by "patients" and "prisoners." However, he does not allege any facts that would support a finding that he has suffered an "injury in fact"; he has not alleged that there is a causal connection between the injury and the conduct complained of; nor has he alleged that it is likely that the injury will be redressed by a favorable decision. *Nat'l Wildlife Fed'n v. Adams*, 629 F.2d 587, 593 n.11 (9th Cir. 1980) ("[B]efore reaching a decision on the merits, we [are required to] address the standing issue to determine if we have jurisdiction."); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (noting the three requirements that must be met for a plaintiff to have standing: (1) the plaintiff must have suffered an "injury in fact" – an invasion of

a legally protected interest which is both concrete and particularized and actual or imminent; (2) there must be a causal connection between the injury and the conduct complained of; and (3) it must be likely that the injury will be redressed by a favorable decision); *Wash. Legal Found. v. Legal Found. of Wash.*, 271 F.3d 835, 847 (9th Cir. 2001) (en banc); *see also Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979) ("A plaintiff who challenges a statute must demonstrate a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement.  But, 'one does not have to await the consummation of threatened injury to obtain preventive relief.  If the injury is certainly impending, that is enough.'") (citations and brackets omitted).  He also has not shown that this court has the authority to provide plaintiff with the specific relief he seeks in his complaint.

Additionally, plaintiff fails to identify any defendants or allege what acts or omissions of any defendant support his claim for relief.  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  A complaint must also allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  *Id*.

Therefore, plaintiff's complaint will be dismissed.  However, plaintiff is granted leave to file an amended complaint, if he can allege a cognizable legal theory and sufficient facts in support of that cognizable legal theory, and if he can specifically allege facts sufficient to demonstrate that he has standing to bring the action.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).

If plaintiff chooses to file an amended complaint, the complaint shall plead plaintiff's claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," as required by Federal Rule of Civil Procedure 10(b).

////

1  Any amended complaint shall also use clear headings to delineate each claim alleged and
2 against which defendant or defendants the claim is alleged, as required by Rule 10(b), and must
3 plead clear facts that support each claim under each header.  An amended complaint must also
4 contain a caption including the names of all defendants.  Fed. R. Civ. P. 10(a).

5  Plaintiff is informed that any amended complaint must be written or typed so that it so
6 that it is complete in itself without reference to any earlier filed complaint.  L.R. 220.  This is
7 because an amended complaint supersedes any earlier filed complaint, and once an amended
8 complaint is filed, the earlier filed complaint no longer serves any function in the case.  *See*
9 *Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes
10 the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375
11 F.2d 55, 57 (9th Cir. 1967)).

12  Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an
13 amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"
14 complaints).

15  Accordingly, IT IS HEREBY ORDERED that the complaint is dismissed with leave to
16 amend within 30 days.  The amended complaint must bear the docket number assigned to this
17 case and be titled "First Amended Complaint."  Failure to comply with this order may result in a
18 recommendation that this action be dismissed.  If plaintiff files an amended complaint stating a
19 cognizable claim the court will proceed with service of process by the United States Marshal.
20 DATED: October 4, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5